SUPERIOR COURT 
 
 COMMONWEALTH v. MELVIN RILEY AND SAMANTHA ROGERS

 
 Docket:
 2477CR0076 / 2477CR0077
 
 
 Dates:
 April 10, 2025
 
 
 Present:
 William F. Bloomer Associate Justice, Superior Court
 
 
 County:
 ESSEX
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON COMMONWEALTH'S MOTION FOR JOINDER OF DEFENDANTS AND JOINDER OF INDICTMENTS
 
 

             Defendant Melvin Riley ("Riley") is charged with two counts of rape of a child with force, two counts of aggravated rape of a child (ten-year age difference), three counts of indecent assault and battery on a child over 14 years of age, one count of strangulation, and one count of assault and battery by means of a dangerous weapon (Case No. 2477CR0076). Defendant Samantha Rogers ("Rogers") is charged separately with two counts of assault and battery by means of a dangerous weapon and one count of assault and battery (Case No. 2477CR0077).
            The Commonwealth moves to join the defendants and all offenses for trial (Paper No. 20 in Case No. 2477CR0076; Paper No. 6 in Case No. 2477CR0077). Rogers opposes joinder. Riley, who represents himself with standby counsel available, takes no position on the joinder motions. After hearing on April 8, 2025, and consideration of the parties' positions, the motions are ALLOWED IN PART and DENIED IN PART.
BACKGROUND [1]
            On June 17, 2023, the Lynn Police Department received a 911 call for a report of a domestic disturbance. Officers responded to an address on Haines Terrace, where they spoke to
 
--------------------------------------------
 
[1] The allegations are taken from the Commonwealth's factual recitation in its joinder motions.
 
                                                            -1-
 
a fifteen-year-old female, "M.M.", who reported that she had been "choked" by her mother, Rogers, and her mother's boyfriend, Riley. Officers observed M.M. to be visibly upset. M.M. requested an ambulance because she was losing feeling in her leg and was also having lower back pain after having jumped out of a window to escape the defendants. One officer observed injuries to M.M.'s leg, which M.M. stated were the result of her mother whipping her with a belt.
            Events leading to this incident are alleged to have been as follows: M.M. had gone to her grandmother's home in Dorchester because she had skipped school the previous day and was in trouble at home. After Rogers reported her missing, police located M.M. at her grandmother's home and returned her to Rogers. Officers instructed M.M. to report any physical abuse to the police. M.M. alleged that Rogers proceeded to question her and demanded that M.M. turn over a phone that had been given to her by a friend. M.M. refused to give her mother the phone. M.M. alleged that both defendants then forcibly pushed her into the wall while trying to grab the phone from her hand. She claimed Riley used his forearm and body weight to pin her to the door/wall to get the phone while pressing on her upper chest and lower neck area. M.M. reported that she struggled to breathe and experienced pain in her chest. She also stated that she had urinated herself and had a headache after her head hit the wall. Rogers eventually took the phone from M.M. during this incident. M.M. reported that Rogers later went to M.M.'s bedroom and demanded the passcode to the phone. When M.M. refused, Rogers struck her with a belt thirty to forty times in the leg, causing bruising and swelling to the upper leg and buttocks area of her body.
            Police interviewed Rogers at the police station on June 17, 2023. There, Rogers admitted that she and Riley physically took the phone from M.M. Rogers stated that she and Riley subsequently heard a loud noise while they were in the kitchen and proceeded to M.M.'s
 
                                                            -2-
 
bedroom, where they observed the window open and a dog leash hanging out of it. Rogers stated that she went to find her daughter, located her at a friend's house, and went to the Police Department to report the incident.  Police subsequently arrested Rogers.  Riley was not charged at that time.
            Representatives from the District Attorney's Office conducted a TEAM interview of M.M. on November 9, 2023. M.M. reported that Riley had been sexually assaulting her since she was six years old. She reported that Riley would remove her clothes and underwear, touch her breasts with his hands and mouth, touch her vagina with his hand, put his fingers inside her, and lick her vagina. M.M. stated Riley also would rub his penis on her feet and masturbate. M.M. alleged that these types of sexual assaults were frequent (a few times per week) and would occur when her mother was at work and out of the home. M.M. stated Riley would not sexually assault her if her mother or sister were home or in the same room, or when she slept in the same bed as Riley's biological daughter.
            Against this backdrop, the Commonwealth requests joinder of Riley and Rogers for a single trial on all the alleged offenses.
DISCUSSION
            Mass. R. Crim. P. 9 provides in pertinent part:
(b) Joinder of Defendants. Two or more defendants may be joined in the same indictment or complaint if the charges against them arise out of the same criminal conduct or episode or out of a course of criminal conduct or series of criminal episodes so connected as to constitute parts of a single scheme, plan, conspiracy or joint enterprise. The defendants may be charged separately or together in one or more counts; all of the defendants need not be charged in each count.
            "It is presumed that ' [w]hen criminal charges against two or more individuals arise out of the same criminal conduct,' those individuals will be tried together...." Commonwealth v. Watson, 487 Mass. 156, 167-168 (2021) (citations omitted). "Trying multiple defendants
 
                                                            -3-
 
together when the indictments against them arise from the same events 'expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice time and energy to serve upon juries, and avoids the necessity of recalling witnesses to successive trials."' Commonwealth v. Fernandes, 487 Mass. 770, 789-790 (2021).
            Here, the charges against Rogers and Riley with respect to the events that occurred on June 17, 2023, arise from the same ongoing criminal conduct or series of events, i.e., the alleged physical assaults of M.M. by both defendants in the same home on the same date around the same time and involving the same witnesses. Rogers acknowledges that neither she nor Riley made a statement naming or directly incriminating her and/or Riley as the perpetrator of the assaults. See Bruton v. United States, 391 U.S. 123, 137 (1968) (non-testifying codefendant' s earlier statement naming and directly incriminating another defendant at joint trial violates Sixth Amendment right to confront accusers). Neither defendant claims that the anticipated defenses are antagonistic and irreconcilable to the point of being mutually exclusive. Fernandes, 487 Mass. at 790. Thus, joinder of the defendants for trial on the charges of assault and battery by means of a dangerous weapon, strangulation, and assault and battery is proper.
            The court reaches the opposite conclusion, however, with respect to the sexual assault charges lodged solely against Riley. The mirror image of a motion to join defendants for trial is a motion to sever defendants for separate trials. "A judge may order severance '[i]f it appears that a joinder of defendants is not in the best interests of justice.' ... Severance generally is a matter within the trial judge's discretion, . . . but should be ordered when (1) 'the prejudice resulting from a joint trial is so compelling that it prevents a defendant from obtaining a fair trial,' . . . " Watson, 487 Mass. at 168.
 
                                                            -4-
 
            Here, there is no connection between the alleged sexual assaults of M.M. by Riley and the events that unfolded on June 17, 2023. Indeed , the Commonwealth alleges Riley sexually assaulted M.M. only when Rogers was not present in the home, and the genesis of the assault on June 17, 2023, was M.M.'s "skipping school" and her refusal to turn over a cellphone given to her by a friend. The potential for prejudicial spillover is significant should all charges be tried together before a single factfinder. A jury could conceivably conclude Rogers was a poor mother for allowing Riley unfettered access to M.M. as a prepubescent and young teen, and therefore was more likely to have committed the crimes charged. See Mass. R. Crim. P. 9(d) (judge may order separate trials of counts if joinder of offenses or defendants is not in best interest of justice). In these circumstances, the court concludes it is in the best interest of justice to require a separate trial for the sexual assault charges against Riley.
ORDER
            For the above reasons, it is HEREBY ORDERED that the Commonwealth's Motions for Joinder of Defendants and Joinder of Indictments (Paper No. 20 in Case No. 2477CR0076; Paper No. 6 in 2477CR0077) are ALLOWED IN PART and DENIED IN PART.
            The charges in indictments 2477CR0076-001 through -003 and 2477CR0077-001 and - 002 shall be tried together in one proceeding.
            The charges in indictment 2477CR0077-003 through -009 shall be tried separately.
So ordered